UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN NICHOLSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-14 |
| | § | |
| SCOTT NICHOLSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff John Nicholson, a state inmate incarcerated at the Wayne Scott unit, proceeding *pro se* and *in forma pauperis,* filed this civil rights complaint pursuant to 42 U.S.C. §1983. The particularity with which Nicholson has pleaded his claims makes it unnecessary, in this Court's opinion, to afford him the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having considered Nicholson's complaint, the Court will dismiss the complaint for the following reasons.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or

malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A plaintiff proceeding pursuant to § 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Nicholson complains that in December 2006, while he was incarcerated, defendants, Scott Nicholson and Cora Ringer, used "confidential and proprietary information owned by John Nicholson," to form their own company, essentially destroying plaintiff's company. (Doc.# 1, p.4).

Plaintiff's claims are not available for federal relief for several reasons. With respect to claims against Scott Nicholson and Cora Ringer, the federal government provides for civil redress under Section 1983 against individuals who, under color of state law, deprive another of "any rights, privileges, or immunities secured by the Constitution or laws." Free-world individuals forming a private company do not act "under color of state law." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982); *Bass v. Parkwood Hospital*, 180 F.3d 234, 242-43 (5th Cir. 1999). "Section 1983 imposes liability for violation of rights protected by the Constitution, not for violation of duties of care arising out of state tort law." *Baker v. McCollan*, 433 U.S. 137, 146 (1979). Plaintiff's remedy, if any, lies in state court.

Moreover, even if Nicholson's claims were cognizable under 42 U.S.C. § 1983, they would be time-barred. Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the forum state's general limitations period, *Owens v. Okure*, 488 U.S. 235 (1989), which, for personal injury in Texas, is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418-19 (5th Cir. 1989). The Court must

then determine when the cause of action accrued, and in so doing, federal courts apply federal law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). The federal standard governing § 1983 actions provides that a cause of action accrues when a person knows or has reason to know of the injury which is the basis of the action. *Id.* It is clear from Nicholson's complaint that this cause of action accrued in December 2006. A computation of the time between the latest date the causes of action accrued and the date this case was filed reveals that this action is time-barred by over a year. Even if Nicholson's complaint was cognizable under 42 U.S.C. § 1983, the claims would be time-barred.

Based on the foregoing, the Court **ORDERS** that the Nicholson's complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

All pending motions are **DENIED** as moot.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 24th day of February, 2010.

_____
Kenneth M. Hoyt
United States District Judge